**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KEVIN HART, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1379 |
| | § | |
| COMCAST OF HOUSTON, L.L.C., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment [Doc. # 21] filed by Defendant Comcast of Houston, L.L.C. ("Comcast"), to which Plaintiff Kevin Hart filed a Response [Doc. # 22], and Comcast filed a Reply [Doc. # 23]. Based on the Court's review of the full record and the application of governing legal authorities, the Court **grants** Comcast's Motion for Summary Judgment.

## I.    BACKGROUND

Plaintiff began his employment with Comcast (then Time Warner Cable of Houston) in February 2006 as a sales representative. On May 5, 2006, he was reassigned to work as a home cable installation and repair technician. The new job responsibilities required Plaintiff to enter attics and crawl spaces.

On April 27, 2007, after working as an installation technician for approximately one year, Plaintiff went home early complaining that he "wasn't feeling good." He

was away from work beginning April 28, 2007, and he began a Medical Leave of Absence under Comcast's leave of absence policy on May 8, 2007.

Plaintiff was treated by Dr. Nancy Naghavi on May 2, 2007, who excused him from work from May 2, 2007 to May 3, 2007. Dr. Naghavi noted no specific illness and imposed no work restrictions after May 3, 2007. *See* Excuse Slip, Exh. D to Motion.

Plaintiff was then treated by Dr. Tara Morrison in May 2007. Dr. Morrison referenced "allergic rhinitis" and recommended that Plaintiff would benefit from decreased exposure to dust and other airborne irritants while undergoing a medical evaluation. Dr. Morrison did not, however, indicate how long the evaluation would last. *See* Morrison Return to Work/School Form, Exh. E to Motion.

On May 9, 2007, Plaintiff contacted Comcast's human resources department and requested a temporary assignment. Plaintiff was instructed to provide medical verification for the requested temporary assignment, particularly to provide information regarding how long the temporary assignment would be necessary. Plaintiff never provided the requested verification.

Plaintiff was next evaluated by Dr. Robert Salazar on June 4, 2007. Dr. Salazar determined that Plaintiff had a chronic cough caused by multiple factors. *See* Salazar Letter, Exh. C to Motion.

On July 31, 2007, Plaintiff requested an alternative duty assignment. Marta Berrios, the Senior Human Resources Manager, told him she would check on the availability of an alternate work assignment. On August 4, 2007, Plaintiff again contacted Ms. Berrios and advised that he had been released to return to work with no restrictions. Ms. Berrios instructed Plaintiff to obtain a medical release confirming his ability to return to work. Plaintiff submitted a Physician's Statement Regarding Employee's Ability to Work signed by Dr. Salazar and dated August 13, 2007. Dr. Salazar indicated that Plaintiff could return to work "ASAP" with no limitations. *See* Salazar Physician's Statement, Exh. H to Motion. Plaintiff also submitted a "Release to Return to Work/School" dated August 17, 2007 and signed by Dr. Morrison. Dr. Morrison indicated that Plaintiff could continue working eight hours per day, five days per week, but should wear a mask.[1] Dr. Morrison imposed no other restrictions. *See* Morrison Physician's Statement, Exh. I to Motion.

Plaintiff, however, remained on medical leave until he returned to work on August 29, 2007. He returned to the same position, at the same pay level and with the same benefits.

---

[1] It is undisputed that Carl Whittington, Plaintiff's supervisor, provided him with a box of paper masks to wear when working in attics.

Plaintiff went to the hospital on September 1, 2007, complaining of a sore throat. He was released that same day and advised to follow up with his primary care physician. No "activity restrictions" were imposed. *See* Christus Health Report, Exh. F to Motion.

On September 11, 2007, Plaintiff contacted Ms. Berrios and requested a durable mask. Mr. Berrios instructed Plaintiff to contact Carl Whittington, Plaintiff's supervisor, and tell him what type of mask to order for Plaintiff.

Also on September 11, 2007, Comcast sent Plaintiff a letter advising him that he needed either to return to work or provide a physician's verification that he was unable to work. Dr. Morrison issued a Release to Return to Work/School dated September 13, 2007, indicating that Plaintiff could return to regular duty as of September 11, 2007. *See* Morrison Return to Work Form, Exh. J to Motion. Plaintiff did not return to work.

Plaintiff did not return to work and did not provide a physician's verification that he was unable to work. Comcast terminated Plaintiff's employment on September 17, 2007.

On September 20, 2007, after Plaintiff's employment had been terminated, Dr. Jerome Kosoy examined Plaintiff in connection with his claim for workers' compensation benefits. Dr. Kosoy determined that Plaintiff could return to work with

a restriction that he avoid exposure to attics and he assigned Plaintiff a 0% impairment rating.  *See* Report of Dr. Kosoy, Exh. N-2 to Plaintiff's Response.

Plaintiff filed this lawsuit, alleging that Comcast violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and wrongfully discharged him in violation of Texas law.  After an adequate time to complete discovery, Defendant moved for summary judgment on all three claims.  The motion has been fully briefed and is ripe for decision.

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000). Additionally, a party may not defeat a motion for summary judgment by submitting an affidavit that contradicts, without explanation, prior sworn testimony. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)); *accord Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

#### A. ADA Claim

The ADA prohibits discrimination in employment against a person with a disability. 42 U.S.C. § 12112(a). To establish a *prima facie* case for discrimination under the ADA, a plaintiff must be a qualified individual with a disability. *Blanks v. Southwestern Bell Communications, Inc.*, 310 F.3d 398, 400 (5th Cir. 2002); *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001).

A "disability" is defined in the ADA to include "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2); *Equal Employment Opportunity Comm'n v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th Cir. 2009). Plaintiff alleges that his sore throat and cough substantially limit the major life activity of working. In support of this claim, Plaintiff argues that he cannot work in attics.

An impairment that affects only the plaintiff's ability to work in a particular job or a narrow range of jobs is not a substantial limitation of the major life activity of working for purposes of the ADA. *See Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997); *Carter v. Ridge*, 225 F. App'x. 826, 829 (5th Cir. Nov. 19, 2007). Instead, the impairment must substantially limit the plaintiff's ability to work generally. *See Hileman*, 115 F.3d at 354. Plaintiff has neither alleged nor presented evidence that his sore throat and chronic cough limit his ability to work in any job that

does not require him to go into attics. Indeed, Plaintiff testified in his deposition that -- after he was discharged by Comcast -- he worked as a truck driver for Harris County Plumbing and Steel for a few months and he had been working for several months as a "locater" for Phonoscope, a fiber network company. *See* Hart Deposition, pp. 12-14. Because he has not presented evidence that he is substantially limited in his ability to work generally, Plaintiff has not raised a genuine issue of material fact regarding whether he has a "disability" for purposes of his ADA claim.

### B.     FMLA Claim

The FMLA requires an employer to provide up to twelve weeks of unpaid leave each year to an eligible employee who has "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA requires that, upon return from FMLA leave, an employee must be restored to the position of employment he held when he began the period of leave (or to an equivalent position) and with no loss of benefits. *See* 29 U.S.C. § 2614(a).

Plaintiff alleges that he was entitled to twelve weeks of FMLA leave and that Defendant improperly denied him the exercise of that right. It is undisputed that Plaintiff was permitted to take 17 weeks of medical leave – more than required by the FMLA. It is also undisputed that Plaintiff returned to work on August 29, 2007, in the

same position, at the same pay, and with the same benefits as before he began the period of medical leave.[2]

Plaintiff alleges that Defendant discharged him for taking FMLA leave. Absent direct evidence of retaliatory motive, the Court evaluates the claim under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[3] *See Richardson v. Monitronics Int'l., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). To establish a *prima facie* case of retaliation under the FMLA, the plaintiff must show that he was protected under the FMLA, that he suffered an adverse employment action, and that either he was treated less favorably than an employee who had not requested FMLA leave or he was subjected to the adverse decision because he took FMLA leave. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). If the plaintiff establishes a *prima facie* case of retaliation, the defendant must articulate a legitimate, non-discriminatory reason for the challenged employment action. *See Richardson*, 434 F.3d at 332. Once the defendant articulates such a reason, the burden shifts back to the plaintiff to prove by a preponderance of

---

[2] Plaintiff was again absent from work beginning September 1, 2007, but there is no evidence that he requested FMLA leave for any period of time after that date.

[3] An alternative analytical framework – mixed-motive – applies where the plaintiff admits that retaliation was not the sole reason for his discharge, but argues that it was a motivating factor in the discharge decision. *See Richardson*, 434 F.3d at 333. Plaintiff in this case, however, has not alleged a basis for applying the mixed-motive analysis.

the evidence that the reason articulated by the defendant is a pretext for retaliation. *Id.* at 332-33.

Although Plaintiff has not presented evidence that he was treated less favorably than an employee who did not take FMLA leave or that he was discharged because he took FMLA leave, the Court will assume that Plaintiff could establish a *prima facie* case. Defendant has stated, with supporting evidence, that Plaintiff's employment was terminated only after he failed to return to work after Dr. Morrison released him to return to regular duty without restrictions as of September 11, 2007.[4] Plaintiff has failed to present any evidence that contradicts Defendant's evidence or that indicates any basis for a finding of pretext. Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of his FMLA claim, and Defendant is entitled to summary judgment.

### C. Wrongful Termination Claim

Under Texas law, a common law wrongful termination claim requires proof that the employee was discharged for the sole reason that he refused to perform an illegal act. *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).[5] Plaintiff

---

[4]   *See* Morrison Return to Work Form, Exh. J to Motion.

[5]   The Texas Supreme Court in *Sabine Pilot* also recognized that there exist statutorily created exceptions to the "employment-at-will" doctrine, such as discharge for jury service and discharge based on race, religion or other protected class. *See Sabine*
(continued...)

has neither alleged nor presented evidence to support a wrongful termination claim under Texas law. Indeed, Plaintiff did not include in his Response any argument against the entry of summary judgment in Defendant's favor on the wrongful termination claim.

## IV. **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether he has a "disability" for purposes of his ADA claim. Plaintiff has also failed to present evidence to raise a fact question regarding whether he suffered an adverse effect for purposes of his FMLA claim or regarding whether Defendant's proffered reason for terminating his employment was a pretext for FMLA retaliation. Plaintiff has failed to present either evidence to support his wrongful termination claim or argument opposing Defendant's request for summary judgment on that claim. As a result, it is hereby

**ORDERED** that Comcast's Motion for Summary Judgment [Doc. # 21] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **17th** day of **March, 2009**.

_____
Nancy F. Atlas
United States District Judge

---

5 (...continued)
*Pilot*, 687 S.W.2d at 734.